# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LEE PRICE, #A-66320, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 19-cv-00689-NJR |
| ) | |
| DEANNA M. BROOKHART, ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Lee Price, an inmate of the Illinois Department of Corrections who is currently incarcerated at Lawrence Correctional Center ("Lawrence"), brings this civil rights action *pro se* pursuant to 42 U.S.C. § 1983. (Doc. 1, pp. 1-58). Plaintiff alleges that Lawrence's staff housed him with a cellmate who sexually assaulted him on March 24, 2019. (*Id*.). Plaintiff seeks money damages against Acting Warden Deanna Brookhart for failing to protect him from this harm in violation of the Eighth Amendment. (*Id*. at p. 5).

The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* Complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

In his Complaint, Plaintiff makes the following allegations:  Plaintiff claims that he was

sexually assaulted by his cellmate at Lawrence. (Doc. 1, pp. 4-54). On March 24, 2019, Plaintiff's cellmate sat down on the bunkbed next to him. (*Id*. at p. 4). While fondling himself and rubbing Plaintiff's stomach, the cellmate asked Plaintiff if he "want[ed] some of this."[1] (*Id*.). Only then did Plaintiff realize his cellmate was gay. (*Id*.). Prison staff members were allegedly aware of his cellmate's status when they placed the two inmates in the same cell ten days earlier. (*Id*.). Plaintiff claims that Acting Warden Brookhart failed to protect him from this harm. (*Id*.).

Based on the allegations in the Complaint, the Court finds it convenient to designate the following count in this *pro se* action:

> **Count 1:** Eighth Amendment claim against Brookhart for failing to protect Plaintiff from a known risk of serious harm to his health and safety by placing him in a cell with a gay inmate who sexually assaulted him on March 24, 2019.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by this Court. **Any claim in the Complaint that is not addressed herein should be considered dismissed without prejudice as inadequately pled under *Twombly*.**[2]

## Discussion

The Eighth Amendment governs Plaintiff's claim against Defendant Brookhart. The amendment imposes an obligation on prison officials to take reasonable steps to guarantee the safety of inmates, and this includes the duty to protect inmates from violence at the hands of other inmates. *Farmer v. Brennan*, 511 U.S. 825, 832-35 (1994). A failure-to-protect claim arises where a plaintiff shows that he was incarcerated under conditions posing a substantial risk of serious harm, and the defendant acted with deliberate indifference toward his health or safety. *Id*.

---

[1] Plaintiff responded to the sexual advance by threatening to kill his cellmate and was punished for this threat. (*Id*. at pp. 24-25). He asserts no claim of unfair disciplinary action.
[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

The Complaint does not survive screening against Brookhart. Plaintiff does not mention this defendant in the statement of his claim. *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption."). And he cannot pursue relief against Brookhart based solely on her supervisory role at the prison. *Respondeat superior* liability is not recognized under Section 1983. *Ashcroft v. Iqbal*, 556 US. 662, 676 (2009). Liability instead requires personal involvement in or responsibility for a constitutional deprivation. *Knight v. Wiseman*, 590 F.3d 458, 462-63 (7th Cir. 2009). Because Plaintiff failed to mention Brookhart in the statement of his claim, the Court cannot discern what role she played in the deprivation of his constitutional rights.

Plaintiff's exhibits offer little additional insight into his claims against this defendant. The Court found only two documents that were signed by Brookhart—a Memorandum dated March 24, 2019 (Doc. 1, p. 12) and an Adjustment Committee Report dated April 15, 2019 (*Id*. at pp. 24-25). According to these documents, Brookhart notified Plaintiff that his Prison Rape Elimination Act complaint was investigated and deemed unsubstantiated. (*Id*. at p. 12). Brookhart also approved the Adjustment Committee's decision to punish Plaintiff for threatening his cellmate following the events of March 24, 2019. (*Id*. at pp. 24-25). Although these documents suggest that Brookhart had some involvement in this matter, her involvement occurred after the assault. Plaintiff makes no claim that Brookhart played a role in his cell placement decision before the assault or that she failed to protect him following the assault. Count 1 shall be dismissed for failure to state a claim upon which relief may be granted against Brookhart.

Because Plaintiff brings no other claims in this action, the Court shall dismiss the Complaint without prejudice. Plaintiff will have an opportunity to file a First Amended Complaint, if he wishes to proceed with this matter. If he chooses to do so, Plaintiff must comply with the

deadline and instructions set forth in the below Disposition.

## Pending Motions

**A.     Motion for Recruitment of Counsel (Doc. 3)**

Plaintiff's Motion for Recruitment of Counsel is **DENIED** without prejudice. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (articulating factors court considers when evaluating a motion for counsel). The Court finds that Plaintiff is indigent and has demonstrated reasonable efforts to locate counsel on his own. Even so, he does not require the assistance of counsel at this time. This case involves a single Eighth Amendment claim that arose at the prison where he is currently incarcerated. The facts, evidence, and witnesses necessary to litigate this matter are available at the facility. Further, Plaintiff has demonstrated an ability to litigate this matter *pro se* by filing coherent documents that clearly articulate his claim. Besides a limited education, he reveals no significant impediments to self-representation. Should counsel become necessary as the case proceeds, Plaintiff may file a new motion.

**B.     Motion for Service of Process (Doc. 4)**

Plaintiff's Motion for Service of Process is **DENIED** as unnecessary. Because he is proceeding *in forma pauperis* in this *pro se* action, the Court will order service of this lawsuit on the defendant(s) once the case survives preliminary review.

**C.     Motion for Status (Doc. 7)**

Plaintiff's Motion for Status is also **DENIED** as **MOOT**, in light of this Order.

## Disposition

**IT IS ORDERED** that the Complaint (Doc. 1), including **COUNT 1** against Defendant **BROOKHART**, is **DISMISSED** without prejudice for failure to state a claim. Plaintiff is **GRANTED** leave to file a First Amended Complaint on or before **October 11, 2019**. The First

Amended Complaint is subject to review under 28 U.S.C. § 1915A.

It is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District. He should label the form "First Amended Complaint" and use the case number for this action (No. 19-cv-00689-NJR). To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form. An amended complaint generally supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The First Amended Complaint must stand on its own without reference to any previous pleading. Plaintiff must re-file any exhibits he wishes the Court to consider.

Should Plaintiff fail to file a First Amended Complaint within the allotted time or consistent with the instructions in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff files a First Amended Complaint. 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of

prosecution. *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED: September 6, 2019**

                                                                                       **NANCY J. ROSENSTENGEL**
                                                                                    **Chief U.S. District Judge**