IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LEE PRICE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 19-cv-689-NJR |
| | ) | |
| DEANNA M. BROOKHART, VERNEN WILLIAMS, T. KELLY, C/O OCHS, AMY BURLE, and L. HARTLEROAD, | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Lee Price, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Lawrence Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff previously filed a Complaint alleging that Deanna Brookhart failed to protect him from a sexual assault by his cellmate (Doc. 1). That Complaint was dismissed without prejudice for failure to state a claim, but Plaintiff was granted leave to amend his Complaint (Doc. 8). In his Amended Complaint, Plaintiff alleges Vernen Williams retaliated against Plaintiff for voicing complaints and writing grievances to the warden. Defendants also improperly responded to Plaintiff's allegations of sexual assault by another inmate. He asserts claims against the defendants under the First, Eighth, and Fourteenth Amendments. Plaintiff seeks declaratory judgment and monetary damages.

This case is now before the Court for preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a

1

complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Amended Complaint

Plaintiff makes the following allegations in the Amended Complaint: During a compliance check of Plaintiff's cell, he complained to Warden Brookhart about problems he was having with some of the correctional officers, including not allowing Plaintiff to go to eat, yard, or the dayroom because Plaintiff could not hear the officers' call due to his hearing disability. Brookhart told Williams to go to Plaintiff's cell first during any movement call to provide Plaintiff with a chance to get ready to leave the cell (Doc. 1, p. 8). In response to Plaintiff's complaint to the warden and a grievance he later wrote, Williams conducted a number of searches of Plaintiff's cell for contraband without submitting a shakedown slip (*Id*. at p. 9).

During this same time period, Plaintiff was told to change cells a number of times. With each move, he was placed with more aggressive inmates. He asked placement coordinator T. Kelly why he was being moved so much. He was later placed with another inmate and on March 24, 2019 was sexually assaulted by that inmate (Doc. 1, pp. 10-11). Plaintiff immediately told the observation control booth about the assault and he was moved to a new cell, although he continued to run into the inmate who assaulted him in the hallway and in the chow hall (*Id*. at pp. 12-13). He reported the assault to internal affairs, but his claims were ultimately deemed unfounded (Id. at pp. 13-14). On April 24, 2019, he also received a memorandum from Brookhart noting that his claims were unsubstantiated (*Id*. at p. 15). A response from his counselor on April 30, 2019 also noted that Lt. Ochs had investigated his claims and deemed them unsubstantiated (*Id*.). Plaintiff also

wrote grievances to L. Livingston and A. Burle but the grievances were denied as internal affairs found his claims unsubstantiated (*Id*. at p. 16).

He asked to speak with mental health after he first learned that his claims had been deemed unfounded and he saw mental health professional L. Hartleroad on April 5, 2019. He informed her that he should have killed the inmate who assaulted him when he was attacked but didn't and Hartleroad applauded him on his self-control (*Id*. at pp. 14-15). He later learned that Hartleroad informed internal affairs of his statements and he received a disciplinary ticket (*Id*. at p. 9).

## Preliminary Dismissals

Plaintiff fails to state a claim against T. Kelly because he fails to allege that Kelly violated his constitutional rights. The allegations in the Amended Complaint allege only that Plaintiff tried to inquire from Kelly, the placement coordinator, as to why Plaintiff was being required to change cells so many times (*Id*. at p. 10). He fails to allege, however, that Kelly violated his constitutional rights in any way. Accordingly, Plaintiff's claims against Kelly are **DISMISSED without prejudice**.

## Discussion

Based on the allegations in the Amended Complaint, the Court finds it convenient to divide the *pro se* action into the following three counts:

**Count 1:** **Vernen Williams retaliated against Plaintiff for complaining about his actions to the warden in violation of the First Amendment.**

**Count 2:** **Deanna Brookhart, C/O Ochs, and Amy Burle improperly handled Plaintiff's grievances and failed to properly investigate his claims of sexual assault in violation of the First, Eighth, and Fourteenth Amendments.**

**Count 3:** **L. Hartleroad was deliberately indifferent to Plaintiff's mental health needs when she informed internal affairs of Plaintiff's statements to her in violation of the Eighth Amendment.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

## Severance

Counts 2 and 3 are related to Plaintiff's sexual assault and the care he received after that assault. Those claims are unrelated to Plaintiff's claim in Count 1 alleging that Williams retaliated against him for complaining about Williams to the warden. Accordingly, consistent with *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) and Federal Rules of Civil Procedure 18 and 20, the Court will sever Count 2 against Deanna M. Brookhart, C/O Ochs, and Amy Burle and Count 3 against L. Hartleroad into a separate action and will open a new case with a newly-assigned case number.

## Count 1

At this stage, the Court finds that the Amended Complaint states a viable claim of retaliation in Count 1. *Antoine v. Ramos*, 497 F. App'x 631, 633-4 (7th Cir. 2012); *See McKinley v. Schoenbeck*, 731 F. App'x 511, 514 (7th Cir. 2018) (quoting *Bridges v. Gilbert*, 557 F.3d 541, 551 (7th Cir. 2009)).

## Disposition

For the reasons stated above, T. Kelly is **DISMISSED without prejudice** for failure to state a claim and the Clerk is **DIRECTED** to **TERMINATE** him from the docket.

---

[1] This includes Plaintiff's claims under the Thirteenth Amendment. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

Count 2 against Deanna M. Brookhart, C/O Ochs, and Amy Burle and Count 3 against L. Hartleroad are severed into a new case. In the new case, the Clerk is **DIRECTED** to file the following documents:

- This Memorandum and Order;
- The Amended Complaint (Doc. 9); and
- Plaintiff's motion to proceed in forma pauperis (Doc. 2).

The only claim that remains in this case is **COUNT 1**, which shall proceed against Vernen Williams.

The Clerk of Court shall prepare for Defendant Vernen Williams: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Amended Complaint, and this Memorandum and Order to the defendant's place of employment as identified by Plaintiff. If defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the defendant, and the Court will require the defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 12/16/2019**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify defendant of your lawsuit and serve him with a copy of your amended complaint. After service has been achieved, the defendant will enter his appearance and file an Answer to your Amended Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendant's Answer, but it is entirely possible that it will take **90 days** or more. When defendant has filed an Answer, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendant before filing any motions, to give the defendant notice and an opportunity to respond to those motions. Motions filed before defendant's counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**